Seth W. Wiener, CA State Bar No. 203747
LAW OFFICES OF SETH W. WIENER
609 Karina Court
San Ramon, CA 94582
Telephone: (925) 487-5607
Facsimile: (925) 828-8648
Email: seth@sethwienerlaw.com

W. Cook Alciati (*pro hac vice*)
GARDELLA GRACE P.A.
80 M Street SE, 1st Floor
Washington, DC 20003
Telephone: (703) 721-8379
Facsimile: (703) 740-4541
Email: calciati@gardellagrace.com

Michael A. Dorfman (*pro hac vice*)
GARDELLA GRACE P.A.
2502 North Clark Street, Suite 222
Chicago, IL 60614
Telephone: (773) 755-4942
Facsimile: (703) 740-4541
Email: mdorfman@gardellagrace.com

*Counsel for Plaintiff*
*Shared Partnership*

Jacob M. Heath, SBN 238959
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7470
Facsimile: (650) 614-7401
Email: jheath@orrick.com

Melissa I. Levin, SBN 328146
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Telephone: (415) 7735799
Email: melissalevin@orrick.com

Rebecca C. Harlow, SBN 281931
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Telephone: (415) 7735799
Email: rharlow@orrick.com

*Counsel for Defendant*
*Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SHARED PARTNERSHIP<br><br>    Plaintiff,<br><br>    vs.<br><br>META PLATFORMS, INC.<br><br>    Defendant. | Case No.: 3:22-cv-02366-RS<br><br>**FURTHER JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   May 2, 2024<br>Time:   10:00 a.m.<br>Place:  San Francisco (Videoconference)<br>Judge:  Hon. Richard Seeborg |

1    Pursuant to Civil L.R. 16-10(d) and the Court's Order Dkt. 68, Plaintiff Shared Partnership

2   ("Shared") and Defendant Meta Platforms, Inc. ("Meta") in connection with the Case Management

3   Conference set for May 2, 2024, respectfully submit this Further Joint Case Management Statement.

4   **I.      Relevant procedural background**

5    Pursuant to the Court's Order Dkt. 71 dated April 16, 2024, discovery closes May 3, 2024.

6   Opening expert reports are due May 24, 2024, and rebuttal reports are due June 14, 2024.  The parties'

7   dispositive motion deadline is July 11, 2024, and trial is set for September 23, 2024. Dkt. 68.

8   **II.     Status of discovery**

9    All Shared witnesses have been deposed.  Meta reserves its right to seek further deposition

10   testimony from Shared witnesses as necessary relating to documents produced after their depositions.

11   Shared does not believe that any further depositions are appropriate, but will meet and confer with

12   Meta in good faith to the extent Meta seeks any such depositions.  Shared will be taking a supplemental

13   Rule 30(b)(6) of Meta on May 3, 2024.  There is one third party deposition, noticed by Meta, scheduled

14   for May 10, 2024, and the parties have agreed to extend the discovery deadline for the sole purpose of

15   accommodating that deposition.

16   **A.    Shared's statement regarding outstanding discovery disputes**

17    Plaintiff Shared takes this opportunity to raise an urgent discovery dispute that has arisen since

18   the Court's April 16, 2024 Order, extending discovery.   In particular, Meta will not produce

19   information from "Ads Manager" with sufficient time for Shared to take a deposition and conduct

20   further discovery before the May 3, 2024, close of discovery.  Meta's position is both inconsistent

21   with its representations to the Court in its motion that led to the Court's April 16 Order and prejudicial

22   to Shared.  While Meta complains that this Case Management Statement is not the proper forum to

23   raise this issue, given the Court's familiarity with, and the urgency of, this issue Shared raises it now.

24    By way of background, on April 11, 2024, Meta moved to extend discovery to produce

25   information in "Ads Manager" concerning 18,000 rejected Shared ads, which would allegedly show

26   what Shared would see in Ads Manager if Meta had rejected Shared's ads *today* (and not during the

27   relevant period between 2016-2020).  In its motion, Meta claimed it was "seeking the extension in part

28   to ensure that Plaintiff has sufficient time to review Ads Manager, seek additional written discovery,

and take additional depositions, if necessary." Dkt. 69 at 5; *see also id*. at 1 (asserting that Meta would "give Plaintiff an opportunity to conduct additional discovery relating to the information and data"). In its motion, Meta represented that it allegedly discovered this information in late February 2024 and that as of March 6, 2024—now more than eight weeks ago—Meta "was determining how to best export the data and make it available to Plaintiff." *Id*. at 4.

In an Order dated April 16, 2024—now nine days ago—the Court found that "Meta has not shown sufficient diligence in pursuing discovery or that good cause to extend the case schedule by two months exists." Dkt. 71 at 2. Nonetheless, the Court extended the fact discovery deadline through May 3, 2024. Shared understood that this was intended to allow Meta to produce what it could with sufficient time for Shared to take a deposition and the follow up discovery Meta sought to provide to Shared, consistent with Meta's arguments to the Court.

On April 17, 2024, Meta confirmed the availability of its witness for an additional Rule 30(b)(6) deposition on May 3, 2024. Shared immediately responded and asked Meta whether it intended to produce additional documents before the deposition. Having received no response, Shared followed up on April 19, April 22, and April 23. Meta did not respond until the parties meet and confer last night. During that meet and confer, Meta *still* did not know when it would produce documents. Indeed, Meta now claims only that it will produce the documents by May 3, 2024, and notably does not represent that it will produce the information in time for Shared to review it and depose a Meta witness before the May 3, 2024, close of discovery. What's more is that Meta now claims it will produce a spreadsheet, which it will apparently compile without giving Shared access to the underlying data—raising a host of reliability and other evidentiary issues. For example, it appears that Meta will not produce the underlying advertisements and related information and instead will cherry-pick information it deems helpful to its positions.

While Meta offers to produce a witness for deposition the week of May 6, 2024—after the close of discovery—even that will not allow Shared to meaningfully prepare for the deposition. To that end, Meta represented to the Court that a discovery extension of ***eight weeks*** was needed for Shared to "be able to meaningfully analyze this data . . . ." Dkt. 69 at 1. In a stark about-face, Meta now suggests that just a few days will allow Shared to meaningfully analyze the data and take a

deposition, albeit the week after the extended discovery deadline closes.  Meta attempts to deflect from this fact by raising an entirely irrelevant circumstance concerning a third-party witness domiciled in Canada that has voluntarily produced documents and agreed to deposition.  Similarly, Meta's baseless attempt to paint Shared as dilatory with respect to Shared's production of Slack messages (which Shared retrieved from archive at a substantial cost and produced before the substantial completion deadline to which Meta stipulated) is nothing more than an attempt at distraction from the issue at hand.  Meta's misdirection cannot avoid the prejudice to Shared from Meta's lack of diligence.

Meta also attempts to distract from its lack of diligence by arguing that Shared had access to the Ads Manager information.  But the information Meta seeks to produce is ***not*** the information to which Shared would have allegedly had access between 2016-2020.  Instead, as the Court noted in its April 16, 2024, Order: "It is unclear whether this data, even if available, would demonstrate why particular ads were rejected because 'the exact language' Meta used to communicate advertising policy violations 'may have changed over time' and Meta does not yet know 'whether it has access to the language that Shared would have seen based on the date of the rejected ad.'" Dkt. 71, fn. 1 (quoting Dkt. 69 at 3, fn. 1.  Shared has never had access to the information Meta intends to produce.  And Meta's attempts to smear Shared with reference to its First Amended Complaint are baseless.  Suffice to say, Shared is confident in its ability to prove fraud at trial, even if Meta is permitted to prejudicially produce the "Ads Manager" information.

The fact that, even after the Court's April 16 Order, Meta ***still*** does not how and when it will produce the data highlights Meta's lack of diligence during discovery in this case.  Given that lack of diligence, Shared respectfully submits that Meta has waited too long to produce the "Ads Manager" information and that Meta should not be permitted to do so now.  It would be one thing if Meta quickly acted to produce the information within days of the Court's April 16 Order extending discovery for the seventh time.  But that has not happened.  Meta has more than enough resources to have collected the information and produced it in the more than ***nine weeks*** since Meta allegedly learned it possessed the information.  Shared should not be forced to extend discovery for the ***eighth*** time to take another deposition of Meta.  Doing so may require adjusting the rest of the schedule including trial, and Shared should not be forced to wait for trial because one of the world's most powerful companies could not

1    produce information that it has known about for (at least) ***nine weeks***.

2         In sum, any production concerning ***18,000*** rejected ads (even if in the form of a voluminous

3    database spreadsheet) at this late stage will prejudice Shared's ability to address Meta's primary

4    defense to Shared's fraud allegations, which are the heart of this case.  Accordingly, Shared

5    respectfully requests an Order foreclosing Meta from a prejudicial and belated production of

6    information concerning 18,000 rejected ads.  Meta should not be rewarded for its continued and

7    prejudicial lack of diligence.

8         **B.  Meta's statement regarding outstanding discovery disputes**

9         As an initial matter, Meta believes it is highly inappropriate and also premature for Shared to

10   bring this dispute to the Court via this Case Management Statement, essentially using this vessel to

11   ask the Court to reconsider its April 16, 2024 Order.  Discovery is still ongoing as of the date of this

12   submission.  Per the Court's Standing Order, discovery disputes should still go to the Magistrate Judge,

13   not be raised in a Case Management Conference Statement.  Both parties have expressed a willingness

14   to meet-and-confer regarding the purported disputed issues, and despite scheduling difficulties ***on both***

15   ***sides*** met and conferred on April 24, 2024.  Issues not resolved during that conference are the subject

16   of ongoing conferral, although some of the disputed issues were resolved.  Nevertheless, Meta

17   responds to Plaintiff's remaining claimed dispute below.

18        **Meta's Response to Shared's Dispute No. 1:**

19        On April 16, 2024, the Court granted a two-week extension of discovery for Meta to "review

20   and produce discovery to which it learned it had access in late February of this year."  Dkt. 71 at 1.

21   This extension follows multiple other extensions in the case schedule, all of which were stipulated to,

22   and some of which were a result of Shared's failure to timely produce documents, including 150,000

23   highly relevant Slack messages.  Meta understood the Court's Order to mean it had ***until May 3, 2024***

24   ***to produce the data***.  In Meta's Motion to Extend the Case Schedule ("Motion"), it sought a seven- to

25   eight-week extension to produce the Ads Manager data, noting its intention for Plaintiff to review the

26   Ads Manager data, seek additional written discovery, and take additional depositions during those

27   seven to eight weeks.  Dkt. 69 at 5.  Since the Court's Order, Meta has continued to work diligently to

28   export the data and make it available for Plaintiff's review.  Meta has and is identifying and reviewing

historical data that is no longer reasonably accessible, as explained in Meta's Motion and supporting documents.  Dkt. 69-1 (describing the need for "multiple internal tools, which are not reasonably accessible to everyone at Meta.").  Still, Meta will complete its production by May 3, 2024, the current close of fact discovery.

Meta has made its 30(b)(6) witness available for a third day of testimony on May 3, 2024. During the parties' April 24, 2024 meet-and-confer, Meta's counsel explained that it is working diligently to ensure production of the Ads Manager data in a way that is digestible for Plaintiff, given the short turnaround.  Meta's counsel represented the data would come in the form of a spreadsheet, potentially with limited additional documents. Meta's counsel informed Plaintiff's counsel that it would not be producing anywhere near 18,000 documents.  Meta also offered to make its 30(b)(6) witness available to testify on this information during the following week to allow sufficient time for review.  The parties have already agreed that one deposition will occur after the close of discovery after discovering the week of the deposition that Shared's production on behalf of the third party (who is being represented at deposition by Shared's counsel) had been incomplete and the third party produced over **_5,000 pages_** of new documents.

Meta disagrees with Plaintiff's counsel's contention that they need a week or more to review this data, which will simply reflect data **_on Plaintiff's own advertisements_**, including information Shared itself received from Meta **_for multiple years_**.  Indeed, the contents of this information should not surprise Plaintiff—Shared had ready access to this information, and has produced evidence that reflects Shared was viewing this information regularly during the course of its years on Facebook. While Shared's FAC, briefing, and discovery efforts never indicated that they received this additional information beyond a "circular reference to the 15 pages of Advertising Policies," MTD Opp. at 3, Shared knew it received more, and Meta needs to produce evidence reflecting the fact that it provided substantially more information regarding rejected ads than what Plaintiff represented in its FAC.  FAC ¶¶ 46-47.  Meta intends to produce the data within the discovery period ordered by the Court and is willing to work with Shared regarding deposition scheduling if Shared believes it needs more time with the timely produced documents.

1    **Meta's Identification of Deficiencies in Shared's Discovery**.

2    Meta has identified certain deficiencies in Shared's document production and responses to

3    written discovery, in particular the refusal to respond to several requests for admission and the failure

4    to produce certain categories of documents.  Meta has identified those issues in a letter and intends to

5    meet and confer in good faith with Shared to resolve those issues.  If any of those issues cannot be

6    resolved between the parties, Meta may seek appropriate assistance from the Magistrate consistent

7    with the Court's order regarding discovery disputes.

8    **Shared's Response.**

9    Shared notes that Meta first raised these purported deficiencies *months* after Shared served the

10   relevant discovery responses.  For example, Shared served its responses to Meta's Requests for

11   Admission on January 29, 2024.  Meta was completely silent on the responses until an April 10, 2024,

12   letter, to which Shared responded the next day, on April 11, 2024.  Meta did not respond to Shared's

13   April 11, 2024, communication until today.  Nonetheless, Shared is willing to meet and confer with

14   Meta in good faith.  Finally, Shared notes that the parties continue to confer on numerous issues Shared

15   has raised with Meta's discovery responses, and Shared may seek appropriate assistance from the

16   Court if the parties are unable to resolve those issues.

17   **III.    Motions**

18   Both parties anticipate filing motions for summary judgment on or around the deadline for

19   submitting such motions.  Both parties also anticipate filing pretrial motions, including potentially

20   motions *in limine* and *Daubert* motions.

21   **IV.    ADR**

22   The Scheduling Order includes a mediation deadline of July 23, 2024.  Dkt. 68.  The parties

23   will schedule mediation in advance of that deadline.

24

25

26

27

28

1    Dated:  April 25, 2024                          JACOB M. HEATH
                                                     MELISSA I. LEVIN
2                                                    REBECCA C. HARLOW
                                                     ORRICK, HERRINGTON & SUTCLIFFE LLP
3

4                                        By:   */s/ Jacob M. Heath*
                                               JACOB M. HEATH
5
                                               Attorney for Defendant
6                                              META PLATFORMS, INC.

7
     Dated:  April 25, 2024                          SETH W. WIENER
8                                                    LAW OFFICES OF SETH W. WIENER

9                                                    W. COOK ALCIATI
                                                     MICHAEL A. DORFMAN
10                                                   GARDELLA GRACE P.A.

11
                                         By:   */s/ W. Cook Alciati*
12                                             W. COOK ALCIATI

13                                             Attorney for Plaintiff
                                               SHARED PARTNERSHIP
14

15

16                   **CIVIL LOCAL RULE 5-1(i)(3) ATTESTATION**

17          I hereby attest that concurrence in the filing of this document has been obtained from each of

18   the other signatories hereto.

19   Dated:  April 25, 2024                  By:  */s/ Jacob M. Heath*
                                                  JACOB M. HEATH
20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of this document has been served on all parties through counsel of record on April 25, 2024, via the Court's CM/ECF system.


*/s/ Sema Virrueta*
Sema Virrueta