UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARED PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 22-cv-02366-RS<br><br>**ORDER DENYING MOTION TO DISMISS SECOND AMENDED COMPLAINT, DENYING REQUEST FOR JUDICIAL NOTICE, AND GRANTING ADMINISTRATIVE MOTION TO SEAL** |

**I. INTRODUCTION**

Plaintiff Shared.com ("Shared") is an online content creator that was deeply engaged in the Facebook advertising ecosystem for many years. This suit arose following a series of alleged incidents that effectively barred Shared from using, advertising on, and monetizing its engagement with the social media platform.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Meta Platforms, Inc. moves to dismiss Shared's Fourth and Fifth Causes of Action in its Second Amended Complaint ("SAC"). Meta relies upon the applicable statute of limitations, the economic loss rule, and additionally contends that Shared's averments in its SAC are insufficient to state a claim. For the reasons below, Meta's motion to dismiss is denied and Shared's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("sealing motion") is granted.[1] Pursuant to

---

[1] Plaintiff Shared has also filed a Request for Judicial Notice in Support of Its Opposition to Defendant's Motion to Dismiss, pursuant to Federal Rule of Evidence 201. *See* Dkt. 105-1.

Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for September 26, 2024 is vacated.

## II. BACKGROUND[2]

Shared is a Canada-based publisher of original online content. In addition to operating its own website, Shared ran several Facebook pages from 2006 to 2020.[3] During this period, Shared engaged with two of Facebook's advertising features and amassed 25,000,000 followers across its Facebook pages. First, Shared used Facebook's "Instant Articles" monetization program to embed Shared content into the Facebook news feed. Second, starting in 2008, Shared used Facebook's "self-service" advertising, a service that allowed Shared to purchase ads which, in turn, drove traffic to its own website. Shared spent approximately $53,000,000 CAD on Facebook advertising from 2006 to 2020, as well as $3,500,000 CAD from 2016 to 2020 to optimize its content for social media platforms.

Issues arose when Shared lost access to the Instant Articles monetization program at least three times between April and November of 2018. Shared's lack of advance notice for these terminations and Facebook's delayed payment (by roughly four months) of Instant Articles revenue violated Shared's understanding of the Facebook Audience Network Terms ("FAN Terms"). The FAN Terms indicated Facebook would make "good faith efforts" to notify publishers before withdrawing their access to the Instant Articles program and would pay publishers revenue from Instant Articles within 21 days after the month in which the transaction occurred. Facebook's failure to pay within the FAN Term window and its terminations of access to the Instant Articles program without advance notice caused Shared to lose revenue and lay off

---

Because this order does not rely on Exhibits A and B and the corresponding references made in Shared's opposition, Shared's request is denied as moot.

[2] The factual background of this case is based on the well-pled allegations in Shared's Second Amended Complaint, which are taken as true for the purposes of this motion. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

[3] Meta is Facebook's parent company.

more than 20 employees in 2018.

Shared also encountered difficulties while using Facebook's self-serve advertising feature. Shared used these services pursuant to one or more contracts set forth in the Self-Serve Ad Terms and Commercial Terms, which combined to form the services purchase contract between Shared and Facebook. Shared was also required to comply with Facebook's Advertising Policies, which were extrinsic to the contract. Facebook on multiple occasions rejected ads Shared purchased through Facebook's self-service feature. Facebook's Advertising Policies between 2016 and June 2021 stated in the "Edit Your Ads" provision that advertisers would be informed why particular ads were rejected and how they could bring their ads into compliance with Facebook policy. Shared alleges it did not receive sufficient details as to why its ads were rejected or how to bring its ads into compliance with the Advertising Policies. At multiple points, Shared would attempt to re-run an ad that Facebook had previously approved, only to have that ad rejected without detailed explanation.

These issues culminated in October 2020 when Facebook unpublished Shared's pages, suspended Shared's ability to advertise on Facebook, and disabled several personal profiles belonging to Shared employees. Such action is warranted under the Facebook Terms of Service when accounts repeatedly breach Facebook policies. Shared avers it had not, to its knowledge, violated any Facebook policies.

Shared brought this suit in July of 2022. Meta now moves to dismiss Plaintiff's Fourth Cause of Action for intentional misrepresentation and Fifth Cause of Action for negligent misrepresentation.

## III. MOTION TO DISMISS

### A. Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Claims sounding in fraud must meet a higher specificity standard. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Such averments "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged," such that they are "specific enough to give defendants notice of the particular misconduct." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) and *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)). Knowledge may be pleaded generally under Rule 9(b), but the complaint "must set out sufficient factual matter from which a defendant's knowledge of a fraud might reasonably be inferred." *United States ex rel. Anita Silingo v. WellPoint, Inc.*, 904 F.3d 667, 679–80 (9th Cir. 2018).

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the claims alleged in the complaint. Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *See Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotation marks and citation omitted). When evaluating such a motion, the court must accept all allegations of material fact in the complaint as true and construe them in the light most favorable to the non-moving party. *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1140 (9th Cir. 2017). It must also "draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

**B. Discussion**

Meta asserts three grounds to dismiss Shared's Fourth and Fifth Causes of Action for intentional misrepresentation and negligent misrepresentation, respectively. Meta, approximately two years after filing its motion to dismiss, argues that these claims are barred by California's

statute of limitations and the economic loss rule. Meta additionally contends that Shared's claims for intentional misrepresentation and negligent misrepresentation are insufficiently pled.

### 1. Statute of Limitations

At the motion to dismiss stage, dismissal can be granted on statute of limitations grounds only if the assertions of the complaint, "read with the required liberality," would not permit the plaintiff to prove that the statute was tolled or otherwise modified. *See Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir.1980); *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."). Meta contends that Shared's Claims Four and Five are barred by the three-year statute of limitations set by California law because the claims accrued as early as 2016, when the Advertising Policies were updated to include the "Edit Your Ads" provision. *See* Cal. Code Civ. Proc. § 338(d).

Shared, in its opposition to Meta's motion to dismiss, has averred fraudulent inducement occurred after April 2019 and therefore within the relevant period. It raises several exceptions and modifications to the statute of limitations, invoking first the "continuing-wrong accrual principles." First, Shared contends that it purchased ads on numerous occasions within the time period of 2008 to 2020, invoking the continuous accrual theory. Under this theory, a series of wrongs or injuries may be viewed as each triggering its own limitations period, "such that a suit for relief may be partially time-barred as to older events but timely as to those within the applicable limitations period." *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1191, 292 P.3d 871, 875–76 (2013) (citing *Richards v. CH2M Hill, Inc.* (2001) 26 Cal.4th 798, 811–818, 111 Cal.Rptr.2d 87, 29 P.3d 175; *National Railroad Passenger Corporation v. Morgan* (2002) 536 U.S. 101, 118, 122 S.Ct. 2061, 153 L.Ed.2d 106.) Alternatively, if the ad purchases were made under a single contract, Shared argues the continuing violation doctrine applies. This doctrine aggregates a series of wrongs or injuries for purposes of the statute of limitations, treating the limitations period as accruing for all of them upon commission or sufferance of the last of them. *Id.* Finally, Shared appeals to the discovery rule, which can "postpone accrual of a cause of action

ORDER ON MOTION TO DISMISS SECOND AMENDED COMPLAINT
CASE NO. 22-cv-02366-RS

5

until the plaintiff discovers, or has reason to discover, the cause of action." *Id.*

Shared has adequately averred that Meta fraudulently induced Shared to purchase Facebook advertising services *after* April 2019, less than three years before Shared filed its misrepresentation claims in April 2022. Meta argues that continuous accrual is inappropriate because Shared's claim is based on a single fraud committed at the single contract formation in 2008. This argument turns on interpreting the agreements Shared made to purchase advertising services. Despite Meta's contentions, the terms of the agreement do not, on their face, clearly create one contract between Shared and Meta for all advertisements. At this stage, Plaintiff's contention that there were multiple contracts must be accepted and it can be reasonably inferred that if ad purchases were made between 2008 and 2020, at least one of those purchases was made after April 2019. Therefore, Shared has adequately pled continuing accrual of harm for any agreements after that time. While some of Shared claims are potentially time-barred under the continuous accrual theory, it is unnecessary to differentiate the time period for recoverable damages at the motion to dismiss stage. It is also unnecessary to evaluate the merits of Shared's appeal to the continuing violation doctrine, as Shared's claims are not untimely on their face under a theory of continuous accrual. Because the complaint alleges fraudulent inducement within the three-year statute of limitations, it is not completely barred. *See Aryeh*, 55 Cal. 4th at 1201.

As Shared's complaint is not time-barred on its face, it is also premature to evaluate Shared's argument that the discovery rule tolls Shared's claims until no earlier than October 26, 2020. Meta can always reassert its timeliness argument in later proceedings, such as a motion for summary judgment, when the factual questions underlying the statute of limitations and its potential modifications can be more fully developed.

### 2. Economic Loss Rule

Meta argues Shared's claims of intentional misrepresentation and negligent misrepresentation are barred by the economic loss rule and should be dismissed. Under California law, the economic loss rule precludes a party from recovering both in contract *and* in tort unless it "can demonstrate harm above and beyond a broken contractual promise." *Robinson Helicopter Co.*

*v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004). This means a party cannot recover pure monetary damages that "resulted from a breach of contract unless [it] can show a violation of some independent duty arising in tort." *Rattagan v. Uber Techs., Inc.*, 19 F.4th 1188, 1191 (9th Cir. 2021). The rule is at least partially intended to protect the ability of parties to contract with one another to set rules governing liability. *See Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905, 922–23 (2022).

Fraudulent inducement to enter a contract is one of several exceptions to the economic loss rule. *See Erlich v. Menezes*, 21 Cal. 4th 543, 551–52 (1999) (listing instances in which tort damages have been permitted in contract cases).[4] Fraudulent inducement "occurs when the promisor knows what he is signing but his consent is *induced* by fraud, mutual assent is present and a contract is formed, which, by reason of the fraud, is *voidable*." *Rosenthal v. Great Western Fin. Secs. Corp.*, 14 Cal. 4th 394, 415 (1996).

### *a. Intentional Misrepresentation*

An intentional misrepresentation claim based on an allegedly false promise "is alternatively called a 'promissory fraud' claim." *R Power Biofuels, LLC v. Chemex LLC*, No. 16-cv-716, 2017 WL 1164296, at *7 (N.D. Cal. Mar. 29, 2017); *see Lazar v. Superior Ct.*, 12 Cal. 4th 631, 638 (1996) (noting that when there is a promise to do something "without such intention, there is an implied misrepresentation of fact"). A claim for promissory fraud can constitute fraudulent inducement, even where "the defendant's promise is ultimately enforceable as a contract." *Lazar*, 12 Cal. 4th at 638. In other words, whether a promise becomes part of a written contract does not preclude application of the fraudulent inducement exception. Shared's "intentional misrepresentation" claim is premised on what it avers was Facebook's false

---

[4] Shared also contends that *Robinson Helicopter* and the recent California Supreme Court ruling in *Rattagan v. Uber Techs., Inc.*, 19 F.4th 1188, 1191 (9th Cir. 2021) endorse an exception for affirmative misrepresentations and thus provide an independent basis to conclude the economic loss rule does not bar its causes of action for intentional and negligent misrepresentation. This argument need not be addressed given that these causes of action fall within the fraudulent inducement exception to that rule.

representation it would, if ads were rejected, explain why.

Shared's averments in its intentional misrepresentation cause of action are sufficient to invoke the fraudulent inducement exception to the economic loss rule.[5] *See* Second Amended Complaint ¶ 109 ("Shared reasonably relied on [the "Edit Your Ads"] provision in connection with its decision to invest millions of dollars in connection with its use of Facebook's self-serve advertising services pursuant to the Self-Serve Advertising Contract."). Shared avers it relied on these representations *before* contracting with Meta and while deciding to *continue* advertising on Facebook. *See* Second Amended Complaint para. 45 (averring that Shared used Facebook's advertising services "pursuant to one or more contracts); *compare World Surveillance Grp. Inc. v. La Jolla Cove Investors, Inc.*, 66 F. Supp. 3d 1233, 1236–37 (N.D. Cal. 2014) (deeming statements "made well after the parties had executed the contracts" insufficient to state fraud claim because party "could not have relied upon them as a basis for entering into the contracts or relationship"). Therefore, Meta's contention that any misrepresentation would have needed to occur in 2008 before the formation of any contract is inapplicable.

Shared has sufficiently pled that it would have ceased or otherwise decreased its contracts with Meta if not for the 2016 Facebook Advertising Policies. Despite Meta's claims to the contrary, the fact that a representation becomes part of a contract does not bar the application of the fraudulent inducement exception, as explained above. Meta asserts Shared is simply recharacterizing Meta's "purported breach of contract," Dkt. 99, at 18 (relying on *JMP Securities LLP v. Altair Nanotechs. Inc.*, 880 F. Supp. 2d 1029, 1043 (N.D. Cal. 2012)). As explained above,

---

[5] Meta objects to Shared's averments as contrary to prior allegations and the agreements themselves. However, an "amended complaint supersedes the original, the latter being treated thereafter as nonexistent." *Ramirez v. Cnty. Of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Additionally, whether the Advertising Policies are incorporated into the Self-Service Advertising Contracts is not dispositive for the fraudulent inducement exception, as explained above.

Separately, Meta objects to Shared's references to "extrinsic evidence" (namely, deposition testimony), arguing that this material may not be considered on a motion to dismiss. Dkt. 108, at 10–11. This evidence, including Plaintiff's Proposed Third Amended Complaint, is unnecessary to resolve Meta's motion and will not be considered.

a claim for promissory fraud can trigger the fraudulent inducement exception to the economic loss rule regardless of whether a promise becomes part of the contract. Though Meta cites cases it argues demand a different conclusion, the California Supreme Court's decision in *Lazar* is better read as permitting the invocation of the fraudulent inducement exception even where the "promise becomes part of an enforceable contract." *R Power Biofuels, LLC*, 2017 WL 1164296, at *6.

Meta also asserts that Shared is disguising contractual claims as sounding in tort because it seeks only economic (compensatory) and no personal damages. However, personal damages are not required to invoke the fraudulent inducement exception to the economic loss rule. *See Dhital v. Nissan N. Am., Inc.*, 84 Cal. App. 5th 828, 834–25 (clarifying that while generally, "there is no liability in tort for economic loss caused by negligence in the performance or negotiation of a contract," tort compensatory damages are permitted when an exception to the economic loss rule is met). Additionally, Shared alleges punitive damages available under fraud, but not contract. In sum, Shared states sufficient facts to meet the fraudulent inducement exception.

### b. *Negligent Misrepresentation*

Shared's negligent misrepresentation cause of action also survives. Unlike a cause of action for intentional misrepresentation, which requires knowledge of falsity, a negligent misrepresentation claim "requires a misrepresentation of fact by a person who has no reasonable grounds for believing it to be true." *Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 230–31 (2013). Courts have held negligent misrepresentation claims fall within the fraudulent inducement exception to the economic loss rule. *See, e.g.*, *Grouse River Outfitters Ltd. v. NetSuite, Inc.*, No. 16-cv-2954, 2016 WL 5930273, at *11 (N.D. Cal. Oct. 12, 2016) (fraudulent inducement claims include "claims stated in negligent misrepresentation"). Negligent misrepresentation is a "species of fraud." *Kalitta Air, L.L.C. v. Central Texas Airborne Sys., Inc.*, 315 F. App'x 604, 607 (9th Cir. 2008) ("Negligent misrepresentation is a separate and distinct tort, a species of the tort of deceit.") (citing *Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 407 (1992)). The California Supreme Court has affirmed tort damages are permitted in contract cases "when one party commits a fraud during the contract formation or performance." *Robinson Helicopter Co.*, 34 Cal. 4th at 989–90 (quoting

ORDER ON MOTION TO DISMISS SECOND AMENDED COMPLAINT
CASE NO. 22-cv-02366-RS

*Harris v. Atl. Richfield Co.*, 14 Cal. App. 4th 70, 78 (1993)).

There is no basis to distinguish Shared's claims of negligent misrepresentation and intentional misrepresentation for purposes of applying the fraudulent inducement exception. Moreover, Meta makes no argument along these lines. Thus, Meta's motion for judgment on the pleadings is denied as to this cause of action as well.

### 3. Insufficiency

Finally, every claim must make a minimum showing of plausibility to survive a motion to dismiss, and Rule 9(b) further requires claims sounding in fraud to be pleaded with particularity. Meta argues that Shared's causes of action are predicated on a claim of fraudulent inducement. In Meta's telling, because fraudulent inducement is insufficiently pled, Shared's intentional and negligent misrepresentation causes of action fail. Specifically, Meta contends that Shared could not have been fraudulently induced into entering a 2008 initial contract by terms first published in 2016. However, Shared has adequately averred that there were multiple contracts governing its ad purchases from 2008 to 2020. Shared has also adequately averred that it was fraudulently induced into entering agreements *after* relying on Facebook's Advertising Policies.

As discussed above, Shared adequately states that the misrepresentations that induced it to begin and continue using Meta's advertising services were distinct from the agreed-upon contractual obligations. Despite Meta's arguments to the contrary, whether or not the Advertising Policies were at some point extrinsic to the Self-Serve Advertising Contract is open to interpretation and therefore must be resolved in favor of Shared.

While Defendant Meta does not seek to dismiss Plaintiff's First Cause of Action for violations of California's Unfair Competition Law (UCL, Plaintiff's Claims Four and Five almost entirely overlap with Claim One. Plaintiff states that if not for the promises Meta made in the Facebook Advertising Policies and the potential for revocation of ad campaigns or privileges, it "would have purchased fewer advertisements." Dkt. 94 ¶ 77. Given that Plaintiff satisfactorily stated a claim under the "fraudulent" prong of the UCL, it has also stated a plausible claim for misrepresentation with respect to Facebook's Advertising Policies.

Although Plaintiff does not state who or when anyone at Shared read the "Edit Your Ads" provision of Facebook's Advertising Policies, the SAC nevertheless states that Shared "reasonably believed that Facebook's representations in the 'Edit Your Ads' Provision of the Advertising Policies were true" and "prior to deciding to advertise and/or continue advertising on Facebook… reasonably relied upon the [policies]." Dkt. 94 ¶¶ 58, 62. The SAC avers Defendant's wrongful conduct with sufficient particularity to satisfy Rule 9(b), and Defendant's motion is therefore denied with respect to Claims Four and Five.[6]

## IV. SEALING MOTION

Shared has filed, pursuant to Civil Local Rules 7-11 and 79-5, an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("sealing motion"). *See* Dkt. 106. Meta has timely filed a statement related to the Administrative Motion, in compliance with Civil Local Rule 79-5(f)(3). *See* Dkt. 107. There is a strong presumption in favor of allowing public access when deciding whether materials should be sealed. *See Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011). A request to seal must be narrowly tailored. Civ. L.R. 79-5(c)(3). To overcome the presumption in favor of public access to a judicial record, there generally must be "compelling reasons supported by specific factual findings." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."). Where a litigant presents compelling reasons to seal material, the court must then balance the interests of the public and the party seeking sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016). This balancing test involves such factors as the public's interest in understanding the functioning of the judicial process and the volume of material sought to be sealed. *See Zakinov v. Ripple Labs, Inc.*, No. 18-cv-6753, 2023 WL 5280193, at *1 (N.D. Cal. Aug. 15, 2023).

---

[6] As previously noted, Plaintiff pleads Claim Four and Five in the alternative, as it must, because it is impossible to be liable for *intentional* and *negligent* misrepresentation simultaneously for the same conduct. The distinction turns on Defendant's knowledge, but since knowledge may be alleged generally under Rule 9(b), Plaintiff has met this requirement.

ORDER ON MOTION TO DISMISS SECOND AMENDED COMPLAINT
CASE NO. 22-cv-02366-RS
11

Here, parties seek to redact portions (approximately one page total) of Shared's opposition to Meta's motion to dismiss and portions of that oppositions Exhibits D and E. Additionally, parties seek to file Exhibit G to the opposition under seal in its entirety. Meta contends that compelling reasons exist here, where the information at issue could be used "as sources of business information that might harm a litigant's competitive standing." *In re Electronic Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008). Meta has adequately supported its averment that the publication of the information would put Meta at a competitive disadvantage. Given that and the relatively narrow portions of the opposition motion and supporting exhibits designated as sensitive, the sealing motion is granted.

The following are ordered to be filed under seal until such time as the propriety of the designations is fully adjudicated.

| Document | Portion(s) to be Sealed |
|---|---|
| Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 105) | Highlighted portions. *See* 13:11-14:15, n. 8, and 19:10-17. |
| Exhibit D to the Alciati Opposition Declaration (Dkt. 105-6) | Highlighted portions. *See* ¶¶60-62, including n. 6. |
| Exhibit E to the Alciati Opposition Declaration (Dkt. 105-7) | Highlighted portions. *See* ¶¶60-62, including n. 6. |
| Exhibit G to the Alciati Opposition Declaration (Dkt. 105-9) | Document in its entirety. |

## V. CONCLUSION

Meta's Motion to Dismiss Shared's Second Amended Complaint is denied. Shared's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed is granted.

**IT IS SO ORDERED**.

Dated: September 23, 2024

_____
RICHARD SEEBORG
Chief United States District Judge